IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**DANIEL OWENS**                                                                                        **PLAINTIFF**
**#3834**

V.                                    NO. 3:22-cv-00310-DPM-ERE

**MARTY BOYED**                                                                                        **DEFENDANT**

## ORDER

Plaintiff Daniel Owens, a pre-trial detainee currently housed at the Poinsett County Detention Center, filed this lawsuit *pro se* under 42 U.S.C. § 1983 complaining about the conditions of his confinement during an 18-day period he was housed at the Craighead County Detention Center. *Doc. 2*. Mr. Owens sues Sheriff Marty Boyed in his official capacity only. He requests that "Craighead be respone for the acting the took [sic]." *Doc. 2 at 5*. Mr. Owens' complaint lacks critical information necessary for the Court to perform the screening process mandated by 28 U.S.C. § 1915A.[1]

First, Mr. Owens claims against Defendant Boyed in his official capacity are actually claims against Craighead County itself. See *Parrish v. Ball*, 594 F.3d 993,

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints, and to dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a) & (b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

997 (8th Cir. 2010); *Jenkins v. Cnty. of Hennepin, Minn.*, 557 F.3d 628, 631-32 (8th Cir. 2009). Craighead County cannot be held vicariously liable, in this § 1983 action, for the actions of its employees. See *Monell v. Dep't. of Soc. Servs.*, 436 U.S. 658, 692-93 (1978); *Parrish*, 594 F.3d at 997. Rather, Craighead County can be held liable only if an official county policy or widespread custom was the "moving force" behind the alleged constitutional violation. See *Luckert v. Dodge Cnty.*, 684 F.3d 808, 820 (8th Cir. 2012); *Jenkins*, 557 F.3d at 633. In his complaint, Mr. Owens fails to allege that he suffered any constitutional injury as the result of any Craighead County custom or policy. Accordingly, as stated, Mr. Owens cannot move forward on his constitutional claims. However, the Court will postpone the screening process to give Mr. Owens an opportunity to file an amended complaint clarifying his constitutional claims.

If Mr. Owens files an amended complaint, he should specifically: (1) identify and name as a Defendant each individual who allegedly violated his constitutional rights; (2) state what capacity he is suing each Defendant; (3) explain how each individual Defendant *personally* violated his constitutional rights; and (4) explain the injury he suffered as a result of each Defendant's unconstitutional conduct.[2] Mr.

---

[2] Mr. Owens cannot bring claims against multiple defendants in a single lawsuit unless the claims arise out of the same transaction or occurrence. See FED. R. CIV. P. 20(a)(2) (multiple defendants may be joined in one lawsuit only if the claims against them arise "out of the same transaction, occurrence, or series of transactions or occurrences," *and* involve "any question of law or fact common to all defendants"). The Court cautions Mr. Owens that this lawsuit is *not* a forum for him to pursue every claim he can think of regarding alleged unlawful or unconstitutional

Owens can proceed only on the alleged constitutional violations *he personally experienced* and may not assert claims on behalf of others. See *Martin v. Sargent,* 780 F.3d 1334, 1337 (8th Cir. 1985) ("A prisoner cannot bring claims on behalf of other prisoners."); 28 U.S.C. § 1654 (parties must "plead and conduct their own cases personally or by counsel").

Additionally, an amended complaint, if filed, will supersede or replace the current complaint. See *In re Atlas Lines, Inc*. 209 F.3d 1064, 1067 (8th Cir. 2000) (an amended complaint supersedes an original complaint and renders the original complaint without legal effect). Thus, Mr. Owens should make sure that his amended complaint includes all allegations relevant to the claim(s) he wants to pursue in this lawsuit.

Finally, Mr. Owens need only include a "short and plain statement" showing that he is entitled to relief, with allegations that are "simple, concise, and direct." FED. R. CIV. P. 8(a)(1) & (d). At this stage, there is no need to identify witnesses or to describe evidence that he may rely on later to prove his claim. However, in order to proceed with this case, he must allege facts sufficient to explain how each named Defendant violated his constitutional rights.

IT IS THEREFORE ORDERED THAT:

---

conduct he experiences during his incarceration. Mr. Owens may bring unrelated claims in a separate lawsuit.

1.	Mr. Owens may file an amended complaint within thirty (30) days of the entry of this Order.

2.	If Mr. Owens fails to file an amended complaint, the Court will screen his original complaint, which is likely to result in the dismissal of some or all of his claims.

3.	The Clerk is instructed to provide Mr. Owens a 42 U.S.C. § 1983 complaint form.

Dated this 8th day of December, 2022.

_____
UNITED STATES MAGISTRATE JUDGE