IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**DANIEL OWENS** **PLAINTIFF**
**#3834**

**V.** **NO. 3:22-cv-310-DPM-ERE**

**MARTY BOYED,** *et al.* **DEFENDANTS**

### RECOMMENDED DISPOSITION

**I.      Procedures for Filing Objections:**

This Recommendation for dismissal has been sent to United States District Chief Judge D.P. Marshall Jr. You may file written objections to all or part of this Recommendation. Any objections filed must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Marshall may adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

**II.     Introduction:**

Plaintiff Daniels Owens, a pre-trial detainee at the Poinsett County Detention Center, filed this lawsuit *pro se* under 42 U.S.C. § 1983, complaining about the conditions of his confinement while he was housed at the Craighead County Detention Center ("Detention Center"). The Court has screened his amended

complaint[1] as required by the Prison Litigation Reform Act ("PLRA").[2] For reasons that follow, the Court recommends that Mr. Owens' claims be dismissed, without prejudice, for failure to state a plausible claim for relief.

### III. Discussion:

#### A. Standard

To survive screening under the PLRA, Mr. Owens' "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that "labels and conclusions," a "formulaic recitation of the elements of a cause of action," and "naked assertions devoid of further factual enhancement" are insufficient to plead a viable claim for relief; instead, a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"); see also *Bell Atlantic Corp. v.*

---

[1] In Mr. Owens' original complaint, he sued Sheriff Marty Boyed in his official capacity only. *Doc. 2*. Because Mr. Owens' failed to allege that he suffered any injury as a result of any Craighead County custom or policy, the Court provided Mr. Owens an opportunity to file an amended complaint to clarify his constitutional claims. *Doc. 4*. On December 30, 2022, Mr. Owens filed his amended complaint. *Doc. 5*. With his amended pleading, Mr. Owens sues each Defendant in his official and individual capacities, and again, he fails to allege that he suffered a constitutional injury as a result of a Craighead County custom or policy.

[2] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints, and to dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a) & (b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

*Twombly*, 550 U.S. 544, 555-56 (2007).

B.   **Factual Background**

In his amended complaint, Mr. Owens complains that while housed at the Detention Center for 18 days in June 2022, he endured unconstitutional conditions of confinement. Specifically, he alleges that: (1) the Detention Center lacked air conditioning; (2) the Detention Center had only one toilet for 40 to 50 inmates; (3) there were gnats and worms in the bathroom; and (4) correctional officers failed to remove inmates who had been involved in physical altercations with other inmates. Mr. Owens names Defendants Sheriff Marty Boyed and Correctional Officers Chad O'Brain and Drum, sued in both their official and individual capacities.

C.   **Conditions of Confinement Claim**

Because Mr. Owens is a pre-trial detainee, his conditions of confinement claims are analyzed under the Due Process Clause of the Fourteenth Amendment. *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979); *Stearns v. Inmate Servs. Corp.*, 957 F.3d 902, 905 (8th Cir. 2020). Under that standard, the government may lawfully detain a defendant before trial and subject him to jail restrictions and conditions, "so long as those conditions and restrictions do not amount to punishment, or otherwise violate the Constitution." *Stearns*, 957 F.3d at 907 (quoting *Bell*, 441 U.S. at 536–37). Where a plaintiff does not demonstrate an express intent to punish, he or she must show that "the conditions of confinement were not reasonably related to a

3

legitimate governmental purpose or were excessive in relation to that purpose." *Id*. (quoting *Bell*, 441 U.S. at 538-39). "If conditions are found to be arbitrary or excessive, it is permissible to "infer that the purpose of the governmental action is punishment that may not constitutionally be inflicted upon detainees qua detainees." *Id*. (quoting *Bell*, 441 U.S. at 539).

Whether the conditions of pretrial detention are punitive and therefore unconstitutional depends on the totality of the circumstances, including the duration of the allegedly harsh conditions. *Stearns*, 957 F.3d at 909. Here, Mr. Owens alleges that for the duration of his 18-day confinement, the Detention Center was not air conditioned, he had to share one toilet with 40 to 50 inmates, the bathroom contained gnats and worms, and officers failed to remove inmates who engaged in physical altercations with other inmates.

Mr. Owens does not claim that the conditions he experienced at the Detention Center were intentionally punitive, and he acknowledges that Defendants O'Brain and Drum attempted to have the air conditioning unit repaired. *Doc. 5 at 5*. Furthermore, Mr. Owens alleges no facts indicating that he endured arbitrary or excessive conditions of confinement during his 18-day confinement. He does not allege that he was the victim of any inmate attack; nor does he claim that lack of additional toilet facilities or gnats and worms in the bathroom caused him to suffer significant hardship. *Bell*, 441 U.S. at 542 (noting that the Due Process Clause is

…

implicated when a detainee is forced "to endure genuine privations and hardship over an extended period of time").

As alleged, the totality of the circumstances of Mr. Owens' pretrial confinement did not violate the Fourteenth Amendment. Both the Eighth Circuit Court of Appeals and courts in this District have held that conditions far worse than those alleged here passed constitutional muster. See *Goldman v. Forbus*, 17 Fed. Appx. 487, 488 (8th Cir. 2001) (unpublished opinion) (six nights sleeping on the floor and being sprinkled with urine was not a constitutional violation); *Smith v. Copeland*, 87 F.3d 265, 269 (8th Cir. 1996) (no constitutional violation when a pretrial detainee was exposed to raw sewage for four days); *Williams v. Delo*, 49 F.3d 442, 444 (8th Cir. 1995) (four days without clothes, mattress, running water, bedding, mail, hot food, and hygienic supplies was not a constitutional violation); *White v. Nix*, 7 F.3d 120, 121 (8th Cir. 1993) (eleven days in an unsanitary cell did not amount to a constitutional violation); *Pillow v. Ryals*, No. 4:20-CV-222-DPM-JTR, 2020 WL 6445917, at *3 (E.D. Ark. Nov. 3, 2020), report and recommendation adopted, No. 4:20-CV-222-DPM, 2020 WL 7481999 (E.D. Ark. Dec. 18, 2020) ("six-day exposure to disgusting smells from an overflowing toilet, twenty-nine days without hot water in the sinks in his cell, exposure to water into his bunk from a leaking window when it rained, which required him to occasionally sleep on the floor, and a leaking sink" failed to establish a constitutional violation).

## IV. Conclusion:

IT IS THEREFORE RECOMMENDED THAT:

1. Mr. Owens' complaint be DISMISSED, without prejudice, based on his failure to state a plausible constitutional claim for relief.

2. The Court certify that, in the future, this dismissal constitutes a "strike" for purposes of 28 U.S.C. § 1915(g) and that an *in forma pauperis* appeal of this dismissal would be frivolous and not taken in good faith.

3. The Clerk be instructed to close this case.

Dated this 4th day of January, 2023.

_____
UNITED STATES MAGISTRATE JUDGE